IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THE WEITZ COMPANY, LLC., an Iowa limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:08CV199 |
| v. | ) ) | |
| ALBERICI CONSTRUCTORS, INC., a Missouri corporation; and TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on defendants Alberici Constructors, Inc. ("ACI") and Travelers Casualty & Surety Company of America's ("Travelers") joint motion to dismiss plaintiff Weitz, Company LLC's ("Weitz") amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Filing No. 18). After considering the parties' briefs and the applicable law, the Court finds ACI and Traveler's joint motion to dismiss should be granted in part and denied in part.

**BACKGROUND**

In June 2005, the Metropolitan Utilities District of Omaha ("MUD") and ACI entered into an agreement (the "Prime Contract") whereby ACI agreed to act as the general contractor for the construction of MUD's water treatment plant (Filing No. 5, ¶ 6). On August 3, 2005, ACI entered into a subcontract agreement with Weitz (the "Subcontract") (*Id.* at ¶ 7). The Subcontract provided that ACI retained Weitz to perform a defined scope of work on the construction project, which generally

included cast-in-place concrete work, in exchange for the payment of money (*Id.*).  On June 1, 2005, ACI obtained a payment bond from Travelers (the "Bond") where Travelers, as a surety, covenanted to pay claimants under the Bond for labor, materials and equipment furnished for use in performance of the Prime Contract (*Id.* at ¶ 8).  The construction project was to have been completed by October 4, 2007 (*Id.* at ¶ 9).  As of the date of the filing of the amended complaint, the project was not yet complete (*Id.*).

Weitz filed an amended complaint ("complaint") against ACI and Travelers, asserting four causes of action: (1) breach of contract, (2) negligent misrepresentation, (3) quantum meruit, and (4) payment on the Bond (Filing No. 5).  ACI and Travelers moved to dismiss all claims in the complaint pursuant to Rule 12(b)(6)(Filing No. 18).

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to attack the legal sufficiency of the complaint and move to dismiss the complaint for failure to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  "[The Court] must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader."  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

If the Court considers matters outside of the pleadings, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, materials "embraced by the pleadings" are not considered matters outside the pleadings. *See In re K-tel Intern., Inc. Sec. Litig.*, 300 F.3d 881, 889 (8th Cir. 2002).

In this case, the Subcontract and Bond were attached to the complaint and specifically incorporated by reference therein. The Prime Contract is not attached to the complaint but is referenced in paragraph 6 of the complaint, and the Prime Contract is incorporated by reference into the Subcontract.[1] Because these three documents are "embraced by the pleadings," they may be considered by the Court without converting defendants' motion into one for summary judgment.[2]

**DISCUSSION**

Weitz asserted this action pursuant to the Court's diversity jurisdiction, and therefore, state law governs issues of substantive law. *Oriental Trading Co. v. Firetti*, 236 F.3d 938, 944 (8th Cir. 2001). The parties agree that Nebraska law applies.

**1. Count I (Breach of Contract)**

The complaint alleges ACI breached its Subcontract with Weitz by failing to pay Weitz for labor and materials supplied on

---

[1] Weitz agrees that the Prime Contract is fairly embraced by the complaint even though it was not attached to the complaint.

[2] The Court has not considered the additional evidentiary materials submitted by ACI.

the project and failing to ensure that the project was completed on time (*See* Filing No. 5, ¶¶ 11-13).  The complaint alleges that as a result of ACI's breaches, Weitz's work was "delayed, disrupted, interfered with, had to be re-sequenced, required additional equipment, labor and supervision for an extended period of time, required the performance of extra work and additional materials not included in the Subcontract, all of which increased the cost of performing the Work by approximately $10,220,361.14" (*Id*. at ¶ 13).

ACI argues Count I should be dismissed because a "no damage for delay" clause in the Prime Contract bars Weitz's claim, and Weitz failed to adequately plead conditions precedent to its ability to recover under the Subcontract.  These arguments are addressed accordingly.

First, ACI argues that provisions in the Prime Contract bar Weitz's claim.  Article 6.5 of the Subcontract regards delays and extensions of time in the schedule for subcontract work.  Article 6.5.2 provides in relevant part:

> Claims Relating to Owner.  The Subcontractor agrees to make all claims for which the Owner and/or another subcontractor is or may be liable in the manner and within the time limits provided in the Subcontract Documents[3] for like claims by the Contractor upon the Owner and/or another subcontractor.

---

[3] The "Subcontract Documents" include the Subcontract and the Prime Contract, "including all administrative and procedural provisions, together with all authorized changes, additions and modifications" (Subcontract, art. 3.4).

-4-

Therefore, a subcontractor must make all claims for which the owner and/or another subcontractor may be liable in accordance with the manner in which a contractor must assert similar claims under the Prime Contract.

Article 12.06 of the Prime Contract concerns a contractor's ability to recover delay damages. Article 12.06 provides:

> A. In no event shall OWNER or ENGINEER be liable to CONTRACTOR, any Subcontractor, any Supplier, or any other person or organization, or to any surety for [sic] or employee or agent of any of them, for damages arising out of or resulting from:
>
> 1. delays caused by or within the control of CONTRACTOR; or
>
> 2. delays beyond the control of both OWNER and CONTRACTOR including but not limited to fires, floods, epidemics, abnormal weather conditions, acts of God, or acts or neglect by utility owners or other contractors performing other work as contemplated by Article 7.
>
> B. Nothing in this paragraph 12.06 bars a change in Contract Price pursuant to this Article 12 to compensate CONTRACTOR due to delay, interference, or disruption directly attributable to actions or inactions of OWNER or anyone for whom OWNER is responsible.

Thus, a contractor may not recover damages for delays that were within the contractor's control or beyond both the contractor's and owner's control. Neglect by "other contractors performing other work as contemplated by Article 7" is deemed beyond the

-5-

control of both the contractor and owner.[4]  When article 12.06 is interpreted with reference to the claim asserted by Weitz against ACI, article 12.06 establishes that ACI is not liable for delay damages arising out of claims for which the owner and/or another subcontractor may be liable if the delay was within Weitz's control or beyond **both** ACI's and Weitz's control.  However, article 12.06 does not bar claims for damages caused by delay that was beyond Weitz's control and within ACI's control.

In this case, the complaint alleges ACI failed to act in several ways which delayed work on the project and caused damages to Weitz.  Construing the complaint and all reasonable inferences arising from the complaint in favor of Weitz, the complaint alleges the purported failures were within ACI's control and beyond Weitz's control.  Therefore, the Prime Contract's "no damage for delay" clause does not bar Weitz's claim.

ACI also argues that Weitz has failed to plead conditions precedent to recovery under the Subcontract.  ACI claims Weitz has not alleged that it provided ACI notice of its claim or mediated the claim as required by the Subcontract and Prime Contract (*See* Subcontract, arts. 6.5.2, 6.5.4, 11.1).

Rule 9(c) of the Federal Rules of Civil Procedure provides:  "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or

---

[4] Article 7 of the Prime Contract is not before the Court because the Court was provided an excerpt of the Prime Contract that does not contain article 7.

been performed." In *Textainer Equip. Mgmt. Ltd. v. TRS Inc.*, No. C 07-01519, 2007 WL 1795695, at * 2 (N.D. Cal. June 20, 2007), defendants moved to dismiss the plaintiff's breach of contract claim under Rule 12(b)(6) and claimed plaintiff failed to plead a condition precedent to recovery. The complaint alleged plaintiff "has performed all obligations under the Lease Agreement due and owing to defendants and/or Lessee, except for those which Plaintiff was prevented or excused from performing." *Id.* The court found this allegation was sufficient to satisfy plaintiff's pleading requirements, stating: "[m]ore detail is not necessary at this time." *Id.*

In this case, the complaint alleges "Weitz satisfied all conditions precedent to ACI's obligations to perform under the contract, including its obligation to pay Weitz for the work performed" (Filing No. 5, ¶ 12). In addition, the complaint alleges Weitz attempted to mediate the claim in accordance with article 11.1 of the Subcontract, but ACI refused to discuss the claim, and frustrated any attempt to mediate (*Id*. at ¶ 9). In accordance with *Textainer*, the complaint's allegations are sufficient to satisfy Weitz's pleading requirements. While the allegations are not detailed, they sufficiently establish that Weitz either fulfilled all conditions precedent to ACI's obligation to perform or was excused from compliance.

ACI cites several cases that discuss proof of conditions precedent, but Weitz is not required to prove its compliance with conditions precedent to satisfy its pleading obligations. *See Buckley Towers Condo., Inc. v. QBE Ins. Corp.*,

-7-

No. 07-22988-CIV, 2008 WL 2490450, at *5 (S.D. Fla. June 18, 2008).  Accordingly, ACI's motion to dismiss Count I will be denied.[5]

### 2. Count II (Negligent Misrepresentation)

ACI asserts several arguments as to why Count II should be dismissed.  The Court finds Count II should be dismissed without prejudice because the complaint does not plead a cause of action for negligent misrepresentation with sufficient particularity.

To establish liability for negligent misrepresentation, a plaintiff must prove in part that:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Gibb v. Citicorp Mortg., Inc.*, 246 Neb. 355, 370-72, 518 N.W.2d 910, 921-22 (Neb. 1994).

". . .[T]he Nebraska Supreme Court has held that 'because negligent misrepresentation requires an intent to induce reliance, it is more appropriately viewed as a subspecies of fraud [rather than negligence].'"  *Accurate Commc'ns., LLC v. Startel Corp.*, No. 4:05CV3286, 2006 WL 488717, at *5 (D. Neb.

---

[5] Defendants' motion to dismiss the payment bond claim is discussed below.

Feb. 28, 2006)(citing *Farr v. Designer Phosphate and Premix Int'l, Inc.*, 253 Neb. 201, 209, 570 N.W.2d 320, 326 (Neb. 1997)). Therefore, it is appropriate to apply the heightened pleading standards that apply to fraud actions to claims for negligent misrepresentation. *Accurate Commc'ns., LLC*, 2006 WL 488717 at *5.

Rule 9(b) of the Federal Rules of Civil Procedure provides that "a party must state with particularity the circumstances constituting fraud." This means the complaint must plead the who, what, when, where, and how of the fraud. *Id. at *4; see Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549-50 (8th Cir. 1997).

In this case, the complaint alleges ACI prepared a work schedule upon which the parties negotiated the price for Weitz's work on the project, and "[t]he schedule, and its reiterations, were defective and contained inaccurate information and substantial omissions regarding the sequencing and timing of the Work for the Project" (Filing No. 5, ¶¶ 16-22). The complaint does not allege the contents of the false representation or particularly allege how information regarding sequencing and timing was false.

Weitz has not pled its claim for negligent misrepresentation with sufficient particularity. Count II of the complaint will be dismissed without prejudice.

### 3. Count III (Quantum Meruit)

ACI claims Count III should be dismissed because the complaint alleges the existence of an express contract. ACI

claims Weitz cannot seek relief for breach of contract and quantum meruit simultaneously.

A party may not recover under a theory of quantum meruit where there is an enforceable contract between the parties regarding the same subject matter. *See Assoc. Wrecking and Salvage Co. v. Wiekhorst Bros. Excavating & Equip. Co.*, 228 Neb. 764, 769, 424 N.W.2d 343, 348 (Neb. 1988). However, a party may plead unjust enrichment as an alternative theory to its express contract theory. *Prof'l Recruiters, Inc. v. Oliver*, 235 Neb. 508, 514, 456 N.W.2d 103, 107 (Neb. 1990). Accordingly, ACI's motion to dismiss Count III will be denied.

**4. Count IV (Bond Payment)**

Defendants claim Count IV should be dismissed because Weitz has not satisfied conditions precedent to recovery on the Bond. Specifically, defendants argue Weitz failed to wait ninety days to make a claim on the bond as required by Neb. Rev. Stat. § 52-118.01.

"Neb. Rev. Stat. § 52-118 (Reissue 1998) requires a bond for certain public building projects. It provides protection to materialmen and laborers in the construction or repair of public construction projects when the provisions of the general mechanic's lien laws do not apply." *Gerhold Concrete Co. v. St. Paul Fire and Marine Ins. Co.*, 269 Neb. 692, 697, 695 N.W.2d 665, 670 (Neb. 2005). Neb. Rev. Stat § 52-118.01 creates a right to sue and recover on the bond required by § 52-118. Section 52-118.01 states a person may sue on the bond if the person has not been paid in full within ninety days "after the

-10-

day on which the last of the labor was done or performed by him or her or material was furnished or supplied by him or her for which such claim is made."

The complaint does not reference §§ 52-118 or 118.01 and appears to assert a claim directly on the Bond.  Nonetheless, the statutory requirements are necessarily included in the terms of the Bond.  Weitz does not dispute that Neb. Rev. Stat. § 52-118 applies to the construction project at issue in this case, and the Bond states that when it has been furnished to comply with a statutory requirement, the statutory requirements are incorporated into the Bond to the extent the Bond's provisions conflict.

As previously discussed, Weitz need not prove compliance with conditions precedent at this stage of the litigation, and conditions precedent may be pled generally.  The complaint sufficiently alleges Weitz complied with all conditions precedent to recovery on the Bond (*See* Filing No. 5, ¶¶ 31-32).

However, ACI argues that Weitz could not have satisfied conditions precedent to the Bond because work on the project was still ongoing as of the date the complaint was filed.  Whether Weitz complied with the statute's requirements depends on a determination of the last date on which Weitz performed labor or provided material for which the claim is filed.  While the complaint does allege that work on the project was still ongoing as of the date the complaint was filed, the complaint does not specifically state whether work performed by Weitz for which it is making a claim was still ongoing.

-11-

When the complaint is construed in Weitz's favor, the allegations are sufficient to establish Weitz has satisfied conditions precedent to the Bond.  Accordingly, defendants' motion to dismiss Count IV will be denied.  Accordingly,

IT IS ORDERED:

1) Defendants' Rule 12(b)(6) motion to dismiss Counts I, III, and IV of the amended complaint is denied.

2) Defendants' Rule 12(b)(6) motion to dismiss Count II of the amended complaint is granted.  Counts II is dismissed without prejudice.

DATED this 16th day of January, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court