IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE WEITZ COMPANY, LLC., an Iowa limited liability company, <br><br> Plaintiff, <br> vs. <br><br> ALBERICI CONSTRUCTORS, INC., a Missouri corporation, and <br> TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, <br><br> Defendants, and <br> Third-Party Plaintiffs <br><br> vs. <br><br> AMBASSADOR STEEL CORPORATION, an Iowa Corporation, <br><br> Third-Party Defendant | 8:08CV199 <br><br> SECOND AMENDED <br> FINAL PROGRESSION ORDER |

This matter is before the Court on the motion to continue and to hold case progression deadlines in abeyance pending mediation (Filing No. 145); motion to continue (Filing No. 147) and joint motion to amend progression order (Filing No. 155);

**IT IS ORDERED:**

1. **Mandatory Disclosures.** The mandatory disclosures described in Fed. R. Civ. P. 26(a)(1) shall be completed by **May 1, 2009**.

2. **Discovery Deadline.** All discovery, whether or not intended to be used at trial, shall be completed by **August 16, 2010**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date. Counsel may

stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in this order; any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order.

3. **Limits on Discovery.** Each party is limited to serving **sixty (60) interrogatories**, including subparts, on any other party. Each party is limited to taking **fifteen (15) depositions** in this case, without leave of court. Depositions shall be limited by Rule 30(d)(2) except the depositions of corporate representatives designated pursuant to rule 30(b)(6) and depositions of expert witnesses, which by agreement are limited as follows: to a maximum of 14 hours**.**

4. **Disclosure of Expert Witnesses.**[1]  In the event the mediation is not successful, the parties' expert disclosure will be made pursuant to the following deadlines: Plaintiff's expert reports in support of Plaintiff's affirmative claims shall be due three weeks after mediation is completed; Defendant's expert reports in support of defendant's affirmative counterclaims and third-party claims shall be due five weeks after receipt of plaintiff's expert reports; third-party defendant's expert reports in support of third-party defendant's affirmative claims shall be due four weeks after receipt of defendant's expert reports; any rebuttal reports in response to the reports set forth above shall be due three weeks after all reports set forth above have been exchanged.

5. **Pretrial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall provide to all other parties the following information regarding the evidence that it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

    A. <u>**Nonexpert Witnesses**</u> **-  30 days prior to deposition deadline:** The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

---

[1] Generally, a treating physician shall not be deemed to be "retained or specially employed to provide expert testimony in a case" within the meaning of Fed. R. Civ. P. 26(a)(2)(B), but a treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A).

> B. **Deposition Testimony and Discovery - 5 days before final pretrial conference:** 1) The portions of each deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it intends to offer. Such designations and any objections thereto shall also be included in the final pretrial conference order. **See** NELR 16.2.
>
> C. **Trial Exhibits - 5 working days before final pretrial conference:** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits. The parties shall also designate on the list those exhibits it may offer only if the need arises.
>
> D. **Waiver of Objections**: Any objections to the use of witnesses, deposition designations, discovery responses, or exhibits shall be listed in the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) shall be deemed waived, unless excused by the court for good cause shown.
>
> E. **Filing of Disclosures**: The filing of pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be deemed filed at the time of the filing of the Order on Final Pretrial Conference in this matter.

6. **Expert Witness Testimony.** Any motion challenging the qualifications of an expert or the admissibility of testimony of an expert witness under Rule 702, Fed. Rules of Evidence shall be filed not later than **August 16, 2010**, in the absence of which any objection based upon said rule shall be deemed waived. **See *Kumho Tire Co., Ltd. v. Carmichael*,** 526 U.S. 137 (1999); ***Daubert v. Merrell Dow Pharmaceuticals***, 509 U.S. 579 (1993).

7. **Rule 104 Hearings.** Any pretrial motion which will require an evidentiary hearing pursuant to Fed. R. Evid. 104 shall be filed not later than five (5) working days following the deadline for the completion of depositions.

In addition, if the requested hearing involves a <u>Daubert - Kumho</u> question regarding an expert, the expert's disclosure under Fed. R. Civ. P. 26(2)(2)(A)&(B) must be submitted to Judge Strom's chambers when the motion is filed.

**Absence of a request for a hearing may be deemed waiver of the right to a hearing.** A brief in support and all material regarding the requested hearing must be

delivered to Judge Strom's chambers when the Rule 104 hearing motion is filed. Opposing parties are given ten (10) days thereafter to deliver briefs in opposition.

      8.    **Mediation.** The parties shall schedule mediation during the week of **March 22, 2010.**

      9.    **Adding Parties; Amending Pleadings.** Any motions to add parties or to amend pleadings to this action shall be filed **on or before June 15, 2009.**

      10.    **All** motions for summary judgment shall be filed no later than **August 30, 2010**. **See** NELR 56.1 and 7.1.

      11.    **The Final Pretrial Conference** is set for **September 17, 2010 at 9:30 a.m.** before Magistrate F. A. Gosssett, in chambers, Suite 2210, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NELR 16.2. By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin at any time during the session indicated below.

      12.    All other provisions of parties joint planning conference report not addressed in this order shall be deemed submitted and adopted by the Court.

      13.    **Trial** is set to commence **at 9:00 a.m. on October 4, 2010,** in Omaha, Nebraska, before the Honorable Lyle E. Strom and a jury.

      14.    **Motions to Alter Dates.** All requests for changes of date settings shall be directed to the undersigned judge by appropriate motion.

      DATED this 29th day of January, 2010.

                                        BY THE COURT:

                                        s/ LYLE E. STROM
                                        United States District Judge